

**U.S. Department of Justice**

Roscoe C. Howard, Jr.
United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

**FILED**

JUL - 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

June 27, 2005, **FINAL,**

Ms. Dani Jahn, Esq., AFPD
Counsel for Defendant Damien T. Presley
Office of the Federal Public Defender
625 Indiana Avenue, N.W., Fifth Floor
Washington, D.C. 20004
(202) 208-7500
(202) 208-7515 (fax)
Dani_Jahn@fd.org

Re: <u>United States</u> v. <u>Damien T. Presley</u>, Cr. No. 05-0207 (RBW) (formerly Mag. No. 05-0210m)

Dear Ms. Jahn:

This letter states the plea agreement between your client, Damien T. Presley, and the United States of America (also called "this office" or "the government" in this letter). As you know, with your authorisation, the Government filed a criminal information with the Court charging defendant Presley with: (1) a violation of 21 U.S.C. §§ 860, that is, unlawful possession with intent to distribute heroin within 1000 feet of a school, playground, or other protected place; and, (2) a violation of 18 U.S.C. § 922(g)(1), that is, unlawful possession of a firearm and ammunition after conviction of a crime punishable by imprisonment for a term exceeding one year. This case has been calendared before the Hon. Reggie B. Walton, U.S. District Judge, who has set it down for a plea hearing this coming Friday, July 1, 2005, at 1:30 p.m. Ms. Rachel Carlson-Lieber, Esq., Assistant U.S. Attorney, will be representing the Government at the hearing. The terms and conditions of the plea agreement are:

Defendant Presley's Obligations:

    1(a)    Your client, Damien T. Presley, agrees to admit his guilt and enter pleas of guilty to the offenses charged in the criminal information now pending. This charges defendant first with a "playground" drug crime, which is a violation of 21 U.S.C. § 860, with reference to §§ 841(a)(1) & 841(b)(1)(C). It is a Class B felony, as set forth in 18 U.S.C. § 3559(a)(2). Your client understands that the maximum statutory penalties for a conviction of this "playground" narcotics offense are "twice the maximum punishment," which is authorised for the crime of unlawful possession of heroin with intent to distribute under 21 U.S.C. § 841(b)(1)(C), and "at least twice any term of supervised release" – after any period in prison. Further, there is a mandatory-minium term of at least one year in prison that must be imposed for the § 860 offense. Thus, the maximum penalties

for a guilty plea to the charged "playground" narcotics offense are:

    (A) a term in prison of at least one year and not more than 40 years;
    (B) a fine of not more than $2,000,000;
    (C) a term of supervised release -- after the prison term -- of at least six years; and,
    (D) a special assessment of $100.

Similarly, your client understands the following about the maximum penalties for unlawfully possessing a firearm after being convicted of a crime punishable by imprisonment for a term exceeding one year, which is a violation of 18 U.S.C. § 922(g)(1): This offense is a Class C felony, as set forth in 18 U.S.C. § 3559(a)(3). Under 18 U.S.C. § 924(a)(2), the maximum penalties for this offense are:

    (A) A term in prison of not more than ten years;
    (B) A fine of not more than $250,000, (18 U.S.C. 3571(b)(3));
    (C) A term of supervised release -- after any time in prison -- of not more than three years (18 U.S.C. 3583(b)(2)); and,
    (D) A special assessment of $100, (18 U.S.C. § 3013(a)(2)(A)).

    (b)    Your client further understands that he will be sentenced according to 18 U.S.C. §§ 3553(a) & 3553(c)-3553(f), upon consideration of the U.S. Sentencing Commission <u>Guidelines Manual</u> ("Sentencing Guidelines" or "U.S.S.G."), which will apply to determine your client's guideline range. Your client also understands that 18 U.S.C. § 3571 and U.S.S.G. § 5E1.2 authorise the Court to levy a fine that is enough to pay the federal government its costs of any imprisonment, term of supervised release, and period of probation. Your client agrees to pay the $200 in special assessments to the Office of the Clerk of the Court for the U.S. District Court for the District of Columbia before the date of sentencing.

    (c)    Your client knows that any sentence in this case may run consecutively to any other sentence he may have to serve. This is particularly possible because, when police arrested your client in this case, he had been paroled or otherwise released from prison for a sentence he was serving for his conviction in the Superior Court of the District of Columbia in Cr. No. F-04262-01. That conviction was for the crime of attempted possession of cocaine with intent to distribute. Additionally, your client knows that if he has two or more convictions for a crime of violence or felony drug offense, including a conviction that has been set aside, he is subject to the much greater penalties provided in the career offender statutes and provisions of the Sentencing Guidelines. Although preliminary information about your client's record does not suggest he has two such prior convictions, if it turns out that he does, he knows that he could be subject to a very severe sentence of 30 years or more in prison. Your client knows that receiving such a sentence will not be grounds to withdraw his pleas.

    (d)    In any event, your client recognizes that the final sentencing range is determined solely by the trial court, usually based upon information contained in a Presentence Investigation (PSI) report prepared by the U.S. Probation office. Whatever lawful sentence the Court imposes in this case, including a sentence more severe than your client expected when pleading guilty, your

client knows that he will have no right to withdraw his plea.

2. In entering this guilty plea, your client understands he is waiving certain rights afforded him by the U.S. Constitution or by statute. Your client understands that the Fifth Amendment to the U.S. Constitution states that he may not be compelled in any criminal case to be a witness against himself. By entering this guilty plea, your client knowingly and voluntarily waives this right because he will admit under oath that he did the acts making out the crimes to which he is pleading guilty. Your client also understands that by pleading guilty he gives up his rights:

(1) to have an indictment returned against him after his arrest within the time set forth in the Speedy Trial Act, 18 U.S.C. §§ 3061, et seq.;
(2) to be tried to a jury or a judge sitting without a jury;
(3) to be assisted by an attorney at trial;
(4) to confront and cross-examine witnesses against him;
(5) to challenge the admissibility of the evidence against him;
(6) to testify in his own behalf and to present witnesses at trial in his behalf;
(7) to appeal any rulings made by the trial court in this case, except those concerning whether any sentence in this case was lawfully imposed; and,
(8) to be prosecuted by grand jury indictment on the felony charges to which he is pleading guilty; instead, your client agrees to plead guilty to a criminal information.

By signing this letter below, your client states that he understands the rights that he is waiving, that he has discussed what this means with his attorney, and that he freely waives them, knowing why he is doing so. Your client agrees further that should he ever move to withdraw this guilty plea, whatever other consequences it may have, this paragraph and his signature on this document may be used to show that he made an informed and voluntary decision to plead guilty.

3(a). Your client specifically admits certain facts as true when pleading. He agrees that his plea is proof of each fact beyond a reasonable doubt and that the government separately can prove each fact is true beyond a reasonable doubt. These facts are:

The events in this case took place shortly before 2:00 in the early morning of Monday, April 18, 2005, principally in an alley behind the 100 block of 34th Street, S.E., Washington, D.C. At that time, two sworn officers of the Metropolitan Police Department (MPD) saw defendant Presley get out of a car, which they suspected was linked to an armed carjacking. When told to lie down, defendant Presley took off the jacket he wore, dropped it to the ground, and ran away. When police seized and then searched the jacket, they found in it a loaded, 380-calibre, semi-automatic pistol, which the Davis Industries company had made. Police also seized from defendant's jacket 46 small ziplocks bags, each containing a whitish powder that appeared to be heroin. Another police officer caught your client a short distance away and arrested him. An officer who had seen it identified your client as the man who dropped the jacket with the gun and heroin.

Your client agrees that the government can prove that these events in the 100 block

of 34th Street, S.E., Washington, D.C., took place with 1000 feet of land that is a playground and appurtenant parking lot, which is located southeast of the intersection of B Street, S.E., and Anacostia Road, S.E., Washington, D.C. This playground contains two jungle gyms and one monkey-bar swinging pieces of play apparatus, plus a basketball court with two basketball hoops.

When field-tested, at some of the suspected heroin powder gave a result showing that it had an opiate in it. The drugs police seized from your client have been submitted to a laboratory for complete analysis. Your client acknowledges as part of this proffer that he intended to sell the ziplocks of heroin he possessed, and that he did not intend to use all of them himself.

The gun seized from your client's jacket was a loaded .380-calibre, semi-automatic pistol, which the Davis Industries company had manufactured. Neither the pistol nor the bullets in it were made in the District of Columbia. Thus, they had travelled in interstate or foreign commerce when found in your client's possession. Further, your client agrees that the Government can prove that the Davis Industries-made gun is a weapon that was designed to or does shoot a bullet using gunpowder, that is, a weapon that was designed to or does expel a projectile by the action of an explosive. Indeed, the gun shot a bullet when police test-fired it. As part of this plea, your client acknowledges that he has been convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of the District of Columbia in Cr. No. F-04262-01. This conviction was for attempted possession with intent to distribute of cocaine, for which your client received a sentence of three years, suspended during a period of probation. The Court later revoked that probation, and sentenced your client to serve a term in prison of 30 months, followed by five years of supervised release. Defendant Presley was serving a part of that sentence at the time of his arrest on April 18, 2005.

(b)     Defendant agrees that he will not seek any reduction in his adjusted offense level, other than for acceptance of responsibility. Defendant agrees that he will not ask the Court to sentence him to less time in prison than the low end of the guideline range that the Court finds will govern defendant's sentence. Defendant will not seek a downward departure from the sentencing range in this case.

(c)     To that end, the Government agrees that it will ask the Court to sentence defendant to the low end of the guideline range that the Court finds will govern defendant's sentence. In keeping with this, of course, the Government will not ask the Court to depart above the sentencing range established for defendant's convictions.

(d)     Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred before he pleads guilty. Should your client do anything after his plea that could form the basis for an increase in his base offense level or justify an upward departure , this agreement lets the Government seek an increase in the base offense level based on that post-plea conduct. (Examples of this include but are not limited to, obstruction of justice, failure to appear

for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or Court.)

4. Your client agrees that the Court shall order that he be held without bail pending sentencing, under 18 U.S.C. § 3143.

5. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. §§ 3553(a) & 3553(c)-3553(f), upon consideration of the U.S. Sentencing Commission's Guidelines Manual. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not bound to follow any recommendation of the Government at the time of sentencing.

6. Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter, except for what we have agreed to in Paragraph 3 (and its subparagraphs) above. Other than the limitations agreed to in that paragraph, this office otherwise reserves its right to recommend a specific period of incarceration and a fine up to the maximum sentence of incarceration and fine allowable by law. In addition, insofar as we have agreed here to recommend or not recommend to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation to defend the Court's ultimate decision on such issue. Your client further understands that the Government retains its full right of allocution in any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons or the U.S. Parole Commission. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), or any post-sentence downward departure motion under Rule 35 of the Federal Rules of Criminal Procedure. ***This agreement permits the government to defend at any time in any Court any ruling made by the trial court in this case, even if we initially have agreed not to ask the Court to make that ruling.***

7. Your client understands and agrees that he is not allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

8. Your client consents to the administrative forfeiture, official use, and/or destruction by any law enforcement agency of the contraband drugs and gun that police seized in this case.

The Government's Obligations and Acknowledgments:

9(a) In return for your client's entry of pleas of guilty to the drug and gun offenses in the information, this office agrees that it will not prosecute your client on any other criminal charges, under either federal or District of Columbia law, arising from your client's arrest in this case on April 18, 2005.

(b) This office agrees that it will not file with the Court an information under 21 U.S.C. § 851(a) concerning defendant's prior conviction for a narcotic offense.

10.     The government agrees that your client's base offense level should be reduced by three levels to reflect his acceptance of responsibility by entering into an early guilty plea. The government will advise the probation officer preparing the PSI report that defendant should receive a three-level reduction for acceptance of responsibility. (The government reserves the right to oppose such a reduction for acceptance of responsibility should your client do anything inconsistent with acceptance of responsibility, as defined in U.S.S.G. § 3E1.1.) The government will make clear that your client indicated very quickly after his arrest that he wished to accept responsibility and that, to this end, he agreed to exclude time from the period in which the Speedy Trial Act requires the government to ask the grand jury to return a felony indictment. Should the Court require a motion for your client to receive the full, three-level reduction for acceptance of responsibility, the Government agrees that the final, signed version of this plea letter may be treated as such a motion.

General Provisions

11.     The parties agree that the government will not seek an upward departure and your client will not seek a downward departure from the final sentencing guideline range determined by the Court at sentencing.

12.     This agreement only binds the U.S. Attorney's Office for the District of Columbia. It does not bind any other U.S. Attorney's Office or any other office or agency of the U.S. Government; or any state or local prosecutor. These individuals, offices, and agencies remain free to prosecute your client for any offense(s) within their respective jurisdictions.

13.     This letter sets forth the entire understanding between the parties and makes up the full plea agreement between your client and the government. Nothing in this agreement shall be construed as enlarging or broadening the government's obligations. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client. There are no other agreements, promises, understandings, or undertakings between your client and the Government, and your client understands that there can be no valid addition or change to this agreement unless it is made on the record in open Court or in writing signed by both parties.

Sincerely yours,

Kenneth L. Wainstein /DAJ

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

BY: Barry Wiegand
Barry Wiegand
Assistant U.S. Attorney
(202) 514-7315 (o); (202) 514-8707 (fax)
William.B.Wiegand@USDoJ.Gov

**DEFENDANT'S ACCEPTANCE**

I have read this letter containing the plea agreement and have discussed it fully with my

attorney, Ms. Dani Jahn, Esq., AFPD, who has explained the meaning of the entire agreement to me. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 7-1-05

_____
Damien T. Presley, Defendant

### ATTORNEY'S ACKNOWLEDGMENT

I have read each of the seven pages constituting this plea agreement, reviewed them with my client, and discussed its provisions with him fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 7/1/05

_____
Ms. Dani Jahn, Esq., AFPD
Attorney for Defendant Damien T. Presley