UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 05-207 (RBW) |
| | : | |
| DAMIEN T. PRESLEY, | : | |
| | : | |
| Defendant | : | |

### SENTENCING MEMORANDUM

On July 2, 2005, Mr. Damien Presley, the defendant, pled guilty to a two-count Information. The Information included Count One - Unlawful Distribution of Heroin Within 1000 Feet of a Playground, in violation of 21 U.S.C. § 860, with reference to 21 § 841(a)(1) & 841(b)(1)(c), and Count Two - Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). He will appear before this Honorable Court for sentencing on October 3, 2005. Mr. Presley, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a reasonable sentence.

### Background

Mr. Presley grew-up in an impoverished southeast section of Washington, D.C. with very little parental supervision. He lived with his mother, who was addicted to controlled substances and provided little guidance to Mr. Presley during his formative years. His father was also addicted to controlled substances and was incarcerated for a significant period during Mr. Presley's formative years. However, both of his parents - who are now married - have recovered from their addictions and have maintained their sobriety.

Mr. Presley's only prior conviction occurred when he was twenty-one years old and was

convicted of attempted possession with intent to distribute cocaine, which is the underlying felony conviction in support of his § 922(g)(1) guilty plea. Also, as a result of the instant offense, Mr. Presley is in violation of his supervised release concerning his prior conviction.

Mr. Presley has also indicated that he needs alcohol treatment. Mr. Presley believes that his decisions regarding any criminal related behavior have been influenced by his dependency on alcohol. As stated in the Pre-Sentence Report, prior to his arrest in this case Mr. Presley consumed approximately a fifth to a half gallon of cognac daily. Mr. Presley is requesting placement into an alcohol treatment program in the Bureau of Prisons.

## Argument

The Pre-Sentence Report calculates the applicable sentencing range under the United States Sentencing Guidelines (hereinafter "Guidelines") as a range of 46 to 57 months incarceration. There are no disputes to this calculation. In accordance with the plea agreement in this case, Mr. Presley is not seeking to ask the Court to sentence him to less time in prison other than the low end of the guideline range. Therefore, Mr. Presley requests that he be sentenced to 46 months imprisonment.

Notwithstanding the agreements stated in the plea agreement, it should be noted, however, that the Guidelines are not mandatory, but merely advisory. While the plea agreement precludes Mr. Presley from arguing for a sentence below the applicable guideline range, the factors identified in 18 U.S.C. § 3553(a) support Mr. Presley's request that he be sentenced to the low-end of the guideline range. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). <u>United States v. Booker</u>, __ U.S. __, 125 S.Ct. 738, 764 (2005). These factors include: "The nature and circumstances of the offense and the history and

characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

When considering the characteristics of Mr. Presley, the Court should consider that although Mr. Presley has one prior conviction, prior to his arrest in this matter, Mr. Presley has held jobs in the past and is currently interested in pursuing a career as a master barber, demonstrating that he wants to turn his life around. Unfortunately, his problem with alcohol has

impacted his life. However, with the help of alcohol abuse treatment, Mr. Presley is confident that he can make a law-abiding life for himself, regardless of his past.

Sentencing Mr. Presley to the low end of the guideline range of 46 months, coupled with the fact that Mr. Presley will be on a six year term of supervised release as required by 21 U.S.C. § 860, is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Mr. Presley with needed educational or vocational training and medical care." See 18 U.S.C. § 3553(a).

## Conclusion

For all of the foregoing reasons and such other reasons as may be discussed at the sentencing hearing in this matter, Mr. Presley respectfully submits that a sentence of 46 months in addition to the 6 years of supervised release is adequate to promote the relevant sentencing objectives at issue in this case.

Respectfully submitted,

/s/

Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500